Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9835 | **DATE** | September 7, 2002 |
| **CASE TITLE** | *Summer Doxie v. IMPAC Funding Corp. and Professional National Title Network* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court GRANTS Defendant Professional National Title Network's Motion to Dismiss [24-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 11 2002 | |
| | Notified counsel by telephone. | | date docketed | 41 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| SUMMER N. DOXIE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>IMPAC FUNDING CORP., and )<br>PROFESSIONAL NATIONAL TITLE )<br>NETWORK, )<br>Defendants. ) | Hon. Blanche M. Manning<br><br>Case No. 01 9835<br><br>DOCKETED<br><br>SEP 1 1 2002 |

## MEMORANDUM AND ORDER

Plaintiff Summer N. Doxie ("Doxie") brings this action against Defendants Impac Funding Corp. ("Impac") and Professional National Title Network ("PNTN"), alleging claims based on Illinois law related to the unauthorized practice of law and the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2601 et seq.). Presently before the Court is PNTN's Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). For the reasons that follow, the motion is GRANTED.

### BACKGROUND[1]

In June of 2001, Doxie obtained a mortgage from Impac for the purpose of acquiring a home. In the process of closing on her new home, PNTN recorded the deed and the mortgage with the Cook County Recorder, charging her $25.50 and $59.50 respectively for each service. The actual cost of recording the deed and the mortgage by the Cook County Recorder, however,

---

[1] Because the Court has already set forth the facts of this case in its Memorandum and Order denying Doxie's motion to remand certain claims to state court, this Court will only discuss the facts as they relate to PNTN and the instant motion.

was $23.50 for the deed and $57.50 for the mortgage. PNTN retained the $4.00 it overcharged Doxie for these services.

In her Amended Complaint, Doxie alleges that PNTN violated RESPA section 2607(b) (Count VI) and Illinois state law (Counts VII-VIII) by overcharging Doxie for the recording fees and "splitting" the fees with the Cook County Recorder. In response, PNTN has filed the instant motion to dismiss pursuant to Rule 12(b)(6) on the grounds that Count VI fails to plead a violation of section 2607(b), and that, absent the RESPA claim, under Rule 12(b)(1) this Court lacks subject matter jurisdiction over Doxie's related state law claims.

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992); Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1022 (7th Cir. 1989). Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. Connely v. Gibson, 355 U.S. 41, 45-46 (1957); Kunik v. Racine County, Wisconsin., 946 F.2d 1574, 1579 (7th Cir. 1991), citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).
The court will accept all well-pled factual allegations in the complaint as true. Miree v. DeKalb County, 433 U.S. 25, 27 n. 2 (1977). In addition, the court will construe the complaint liberally and will view the allegations in the light most favorable to the non-moving party. Craigs, Inc. v. General Electric Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993). However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in

the complaint that undermine the plaintiff's claims. Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992).

## DISCUSSION

Whether Count VI adequately states a claim under RESPA hinges on the interpretation of RESPA section 8(b) (12 U.S.C. § 2607(b)) and its implementing regulation, Regulation X (12 C.F.R. 3500.14). Section 8(b) states that "[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 2 U.S.C. § 2607(b). Regulation X provides that:

> (c) No split of charges except for actual services performed. No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed. A charge by a person for which no or nominal services are performed or for which duplicative fees are charged is an unearned fee and violates this section. The source of the payment does not determine whether or not a service is compensable. Nor may the prohibitions of this Part be avoided by creating an arrangement wherein the purchaser of services splits the fee.

12 C.F.R. 3500.14.

Doxie does not dispute that the Seventh Circuit, in cases almost factually identical to the present case, has held that section 8(b) only prohibits overcharges when a "portion" or "percentage" of the overcharge is "split" with a third party. Echevarria v. Chicago Title & Trust Co., 256 F.3d 623, 626 (7th Cir. 2001); Durr v. Intercounty Title Co., 14 F.3d 1183, 1184-85 (7th Cir. 1985).

Doxie, however, contends that the HUD 2001 Policy Statement (66 FR 53052), which disagrees with the holding in Echevarria, requires that this Court disregard the clear Seventh Circuit precedent and hold that a defendant can be held liable for overcharging a plaintiff for

3

settlement services regardless of whether the defendant splits the overcharge with a third party. Doxie bases this contention on the court's statement in Echevarria that "[a]bsent a formal commitment by HUD to an opposing position, we decline to overrule our established RESPA § 8(b) case law."

This exact same contention was recently made before Judge Kocoras in Krzalic v. Republic Title Co., 2002 WL 1008465, at *2 (N.D. Ill. May 17, 2002), and was soundly rejected. In Krzalic, the plaintiffs contended that the defendant title company violated RESPA section 8(b) by charging plaintiffs $75.00 to record a mortgage even though the recorder only charged $59.00. The defendant then pocketed the $14.00 difference itself, not splitting the difference with any third parties.

The plaintiffs, citing the same passage in Echevarria that Doxie relies on, contended that the holding in Echevarria did not apply because of the HUD 2001 Policy Statement (66 FR 53052) "directly references Echevarria and expresses the Secretary's differing interpretation of that section and Regulation X." Rejecting this argument, Judge Kocoras held that:

> The argument [the plaintiffs] advance rests on a faulty premise. They imply that the Secretary's specific and strong disagreement with Echevarria and the Seventh Circuit's interpretation of § 8(b) and Regulation X is the formal commitment that the Court found lacking in Echevarria. The operative word in the applicable passage, however, is "formal," not "commitment." As the Supreme Court reminded in Christensen v. Harris Cty., policy statements issued by an agency, while entitled to respect, do not have the force of law because they are not subjected to the notice and comment requirements for formal rulemaking. 120 S.Ct. 1655, 1662-63 (2000). Indeed, prior to Echevarria, HUD had issued policy statements stating, albeit in less forceful and direct language, the very position that [the plaintiffs] take in this case. Those statements failed to persuade the Echevarria court that the previous stance must be altered, and this new statement likewise does nothing to change the legal landscape for cases such as this within our Circuit. Accordingly, we conclude that Echevarria still provides the controlling law for actions that do not involve an unearned fee split by two or more parties.

4

See also Boulware v. Crossland Mortgage Corp., 291 F.3d 261, 264-66 (4th Cir. 2002) (adopting Echevarria after the HUD 2001 Policy Statement).

Here, Doxie has not given the Court any compelling reason not to follow Echevarria and has not attempted to address Judge Kocoras' well reasoned opinion in Kzalic. Consequently, this Court holds that section 8(b) only prohibits overcharges when a "portion" or "percentage" of the overcharge is "split" with a third party. Consequently, because Doxie has not alleged that PNTN split the alleged "overcharge" with a third party, the Court finds that Count VI does not plead a violation of RESPA section 8(b), and therefore, GRANTS the motion to dismiss as to Count VI.

## CONCLUSION

For the reasons discussed, the Court GRANTS Defendant Professional National Title Network's Motion to Dismiss [24-1].

**ENTER:**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 9-9-02